# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| KIMBERLY ANN KENNEDY, | ) | CASE NO. 1:25-cv-1814 |
|  | ) |  |
|  | ) |  |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
|  | ) |  |
|  | ) |  |
| vs. | ) | **MEMORANDUM OPINION** |
|  | ) | **AND ORDER** |
|  | ) |  |
| COMMISSIONER OF SOCIAL | ) |  |
| SECURITY, | ) |  |
|  | ) |  |
|  | ) |  |
| Defendant. | ) |  |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Jonathan D. Greenberg recommending that the Court affirm the decision of the defendant, the Commissioner of Social Security ("the Commissioner"), denying the application of plaintiff, Kimberly Ann Kennedy ("Kennedy"), for Supplemental Security Income ("SSI"). (Doc. No. 12 (R&R).) Kennedy filed timely objections to the R&R (Doc. No. 13 (Kennedy's Objections)), and soon thereafter the Commissioner filed a response (Doc. No. 14 (Commissioner's Response)). Upon *de novo* review, and for the reasons set forth below, the Court overrules Kennedy's objections, accepts the R&R, affirms the decision of the Commissioner, and dismisses the case.

## I.      BACKGROUND[1]

On March 29, 2023, Kennedy filed an application for SSI. (Doc. No. 6 (Administrative Transcript), at 202.) She alleged disability owing to a number of conditions, including alcohol use disorder, adjustment disorder with mixed anxiety and depressed mood, generalized anxiety disorder, possible Huntington's Disease, and post-traumatic stress disorder. (*Id.* at 242.) Kennedy alleged a disability onset date of January 1, 2020. (*Id.* at 202.) Kennedy's application was denied initially (*id.* at 95) and upon reconsideration (*id.* at 106). Kennedy then requested a hearing before an Administrative Law Judge ("ALJ"). (*See id.* at 134.) The hearing was held on July 22, 2024. (*Id.* at 40.) The hearing transcript is in the record. (*Id.* at 38–67.)

The ALJ issued his decision on August 12, 2024. (*Id.* at 33.) The ALJ found that Kennedy suffered from severe impairments, including Huntington's Disease, depression, anxiety, and neurocognitive disorder. (*Id.* at 24.) But the ALJ also determined that these impairments did not meet or medically equal the severity of any one of the listed impairments in the Social Security regulations (*id.* at 25), and that Kennedy retained the residual functional capacity ("RFC") to perform light work as defined in the Social Security regulations, subject to certain limitations (*id.* at 27). The ALJ concluded that Kennedy could perform a significant number of other jobs existing in the national economy, and was, therefore, not disabled as defined under § 1614(a)(3)(A) of the Social Security Act. (*Id.* at 32–33.) Kennedy subsequently requested a review of the ALJ's decision. (*See id.* at 12.) On July 8, 2025, the Appeals Council denied Kennedy's request for

---

[1] The R&R contains a more detailed recitation of the factual background in this case. (*See* Doc. No. 12, at 1–9 (All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.).) This Court includes only the factual and procedural background pertinent to Kennedy's objections.

review. (*Id.* at 5.) Kennedy timely filed the instant action, seeking judicial review. (Doc. No. 1 (Complaint).) Kennedy, represented by counsel, filed a brief on the merits (Doc. No. 9), the Commissioner filed a response (Doc. No. 10), and Kennedy filed a reply (Doc. No. 11). On June 3, 2026, the magistrate judge issued his R&R, recommending that the Court affirm the Commissioner's decision. (*See generally* Doc. No. 12.)

The magistrate judge found that the ALJ properly evaluated both the opinion of treating physician Dr. Sandra K. Kostyk ("Dr. Kostyk") and Kennedy's subjective symptoms. (*Id.* at 13–23.) Having determined that the ALJ applied the proper legal standard and reached a decision supported by substantial evidence, the magistrate judge recommended that the Commissioner's decision denying Kennedy's application for SSI be affirmed. (*Id.* at 23.)

## II.    STANDARD OF REVIEW

This Court's review of the magistrate judge's R&R is governed by 28 U.S.C. § 636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the

decision. 42 U.S.C. § 405(g); *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 854–55 (6th Cir. 2010) (citation omitted). "Substantial evidence is less than a preponderance but more than a scintilla; it refers to relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 722 (6th Cir. 2014) (citing *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)).

A reviewing court is not permitted to resolve conflicts in evidence or to decide questions of credibility. *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 726 (6th Cir. 2014) (citation omitted); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (citation omitted). Nor need the reviewing court necessarily agree with the Commissioner's determination in order to affirm it. "Even if [the] [c]ourt might have reached a contrary conclusion of fact, the Commissioner's decision must be affirmed so long as it is supported by substantial evidence." *Kyle*, 609 F.3d at 854–55 (citation omitted). This is true even if substantial evidence also supports the claimant's position. *See McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." (quotation marks and citation omitted)).

Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007) (further citations omitted)). Likewise, a court "cannot uphold an ALJ's decision, even if there 'is enough evidence in the record to support

the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result.'" *Fleischer v. Astrue*, 774 F. Supp. 2d 875, 877 (N.D. Ohio 2011) (quoting *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); and citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544–46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion)).

## III. DISCUSSION

Kennedy submits two objections to the R&R. The first is that the magistrate judge erred in finding that the ALJ's evaluation of Kennedy's subjective complaints was proper because the magistrate judge did not identify how the ALJ complied with controlling law and regulations. (Doc. No. 13, at 1–2.) The second is that the magistrate judge erred in concluding that the ALJ's decision was supported by substantial evidence because the ALJ did not adequately explain his rejection of Dr. Kostyk's opinions. (*Id.* at 2–3.)

### A. The Magistrate Judge did not Err in Concluding that the ALJ Properly Evaluated Kennedy's Subjective Complaints

Kennedy maintains that the magistrate judge erred because he permitted the ALJ to rely on a summary of the evidence instead of an explanation his reasoning. (*Id.* at 2.) Kennedy also argues that the magistrate judge failed to make a finding as to whether the ALJ complied with the governing standard for evaluating her subjective complaints. (*Id.* at 1.)

Upon review, the Court finds that the magistrate judge properly reviewed the ALJ's assessment of Kennedy's subjective complaints. First, the magistrate judge recognized that when subjective complaints are not substantiated by the medical record, the ALJ must make a credibility

5

determination of the claimant's statements based on the entire record. (Doc. No. 12, at 19–20); *see Wines v. Comm'r of Soc. Sec.*, 268 F. Supp. 2d 954, 957 (N.D. Ohio 2003) (citing Social Security Ruling ("SSR") 96-7p)). The magistrate judge then reproduced a portion of the ALJ's RFC analysis wherein the ALJ identified specific instances in the record that he found to be inconsistent with Kennedy's subjective statements regarding the severity of her symptoms and limitations.[2] (Doc. No. 12, at 21–22 (quoting Doc. No. 6, at 25).) Contrary to Kennedy's assertion, the magistrate judge did not permit the ALJ to rely on a mere summary of the evidence. Instead, the magistrate judge assessed the ALJ's decision and found that the ALJ properly made a credibility finding when he "credited some of Kennedy's subjective symptoms but did not accept them to the extent alleged by Kennedy because of findings on examinations, her own statements, and activities of daily living, factors to be considered under the regulations." (*Id.* at 22.)

Kennedy also faults the magistrate judge for "ignor[ing] [her] contention that the ALJ was required to address the additional factors in evaluating [her] subjective complaints." (Doc. No. 13, at 1.) True, the ALJ did not expressly analyze all seven factors identified in 20 C.F.R. § 416.929(c)(3)(i)–(vii). But the ALJ was not required to do so; the ALJ must merely articulate his assessment such that it is "specific enough to permit the court to trace the path of the ALJ's reasoning." *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 733 (N.D. Ohio 2005) (applying

---

[2] In particular, the ALJ highlighted as inconsistent the following: (1) notes from the medical consultative examiner observing that Kennedy was alert, had good eye contact, normal memory, good concentration, steady gait, and good hand eye coordination; (2) notes from the psychological consultative examiner observing no significant issues aside from poor math ability and poor recall on delay; (3) Kennedy's medical provider who indicated that Kennedy's movements and twitching were mild and intermittent; (4) the fact that Kennedy regularly participated in kick boxing, strength training, and yoga; and (5) that Kennedy worked at very near substantial gainful activity. (*Id.* at 22 (citing Doc. No. 6, at 25).)

20 C.F.R. § 404.1529[3]) (citation omitted). The magistrate judge reviewed the ALJ's decision and determined that he "is able to trace the path of the ALJ's reasoning regarding the subjective symptom evaluation" and that "substantial evidence supports the ALJ's assessment of Kennedy's subjective complaint." (*Id.* at 22–23.) And, as the magistrate judge noted, the ALJ's decision is not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. (*Id.* at 12 (citing *Buxton*, 246 F.3d at 772).) The magistrate judge therefore did not err by not requiring the ALJ to expressly address all factors listed under 20 C.F.R. § 416.929(c)(3)(i)–(vii).

The magistrate judge properly reviewed the ALJ's analysis regarding Kennedy's subjective complaints. Kennedy's first objection is overruled.

**B. The Magistrate Judge did not Err in Concluding that the ALJ Adequately Evaluated Dr. Kostyk's Opinion**

Kennedy also contends that the ALJ failed to properly evaluate the opinion of her treating physician, Dr. Kostyk. Kennedy argues that the magistrate judge glosses over this deficiency by suggesting that the Court "look to the opinion, as a whole," and in doing so, allowed "a broadly based, unspecified narrative to substitute for the articulation required by the Commissioner's own regulations." (Doc. No. 13, at 2–3.)

Kennedy's objection misrepresents the magistrate judge's assessment of the ALJ's decision. In the R&R, the magistrate judge reproduced the portion of the ALJ's decision that contained the ALJ's analysis of Dr. Kostyk's opinion. (Doc. No. 12, at 16 (quoting Doc. No. 6, at 27).) In this analysis, the ALJ found that Dr. Kostyk's opinion regarding Kennedy's functional

---

[3] Although 20 C.F.R. § 404.1529 concerns the evaluation of subjective complaints in the context of disability insurance benefits, it is substantially similar to 20 C.F.R. § 416.929.

limitations was less than credible because it was inconsistent with Kennedy's ability utilize a gym and work near the level of substantial gainful activity, as well as the observations of the psychological consultative examiner who found Kennedy to be calm and stable, with no attention or memory problems or the need to have directions explained. (*Id.*) Based on this specific analysis, as well as a "[r]eading the opinion as a whole," the magistrate judge found that the ALJ properly considered the supportability and consistency of Dr. Kostyk's opinion. (*Id.*) The magistrate judge expressly identified the ALJ's articulated reasoning in evaluating Dr. Kostyk's opinion and neither exercised excessive leniency nor permitted the ALJ to rely on a "broadly based, unspecified narrative."

Accordingly, the magistrate judge did not err in concluding that the ALJ properly evaluated Dr. Kostyk's medical opinion. Kennedy's second objection is overruled.

## IV.    CONCLUSION

For the reasons discussed above, Kennedy's objections to the R&R (Doc. No. 13) are **OVERRULED**, the R&R (Doc. No. 12) is **ACCEPTED**, and the Commissioner's decision is **AFFIRMED**. This case is **DISMISSED**.

IT IS SO ORDERED.

Dated: July 10, 2026

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

8